IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **TANDRA BELLAMY,** § § | |
| Plaintiff, § § | Civil Action No. |
| v. § § | |
| **MIRAND RESPONSE SYSTEMS, INC.,** § § § | **Jury Trial Demanded** |
| Defendant. § | |

## COMPLAINT

TANDRA BELLAMY ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MIRAND RESPONSE SYSTEMNS, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Texas Debt Collections Practices Act, Tex. Fin. Code Ann. § 392.301 *et seq.* ("TFDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy;" 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States..

3. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(1).

## PARTIES

4. Plaintiff is a natural person residing in Houston, Texas 77304.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and Tex. Fin. Code Ann. § 392.001(1).

6. Defendant is a debt collection company with corporate offices located at 16211 Park Ten Place, Houston, Texas 77084.

7. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6) and Tex. Fin. Code Ann. § 392.001(6), and sought to collect a debt from Plaintiff

8. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6) and Tex. Fin. Code Ann. § 392.001(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5) and Tex. Fin. Code Ann. § 392.001(2).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant attempted to collect a consumer debt and contacted Plaintiff in its attempts to collect that debt.

11. Beginning in or around June 2016 and continuing into October 2016, Defendant placed repeated harassing telephone calls to Plaintiff's cellular telephone.

12. Defendant has been contacting Plaintiff regarding an alleged Wood Forest Bank credit card debt that was incurred primarily for personal, family or household purposes.

13. Plaintiff received collection calls from telephone numbers including, but not limited to: (346) 980-4088. The undersigned has confirmed the number as belonging to Defendant.

14. Shortly after calls began, within a few weeks, Plaintiff told Defendant that she could not afford to pay the alleged debt and to stop calling.

15. Defendant heard and acknowledged Plaintiff's request.

16. Once Defendant was informed that its calls were unwanted and to stop calling, there was no lawful purpose to placing further calls to her.

17. Further, once Defendant knew the calls were unwanted, any further calls could only have been placed for the purpose of harassment.

18. However, Defendant failed to restrict calls to Plaintiff's cellular

telephone and continued to call.

19. Plaintiff received calls at inconvenient times including during work hours, even though she told Defendant to stop calling.

20. Frustrated, annoyed, and feeling harassed, Plaintiff told Defendant to stop calling a second time in or around July or August 2016.

21. The Defendant still kept calling into October 2016.

22. After Plaintiff's requests to stop the calls were ignored by Defendant, she had no other option but to use a blocking application on her cellular telephone to block calls from their phone number.

23. Defendant's actions as described herein were taken with the intent to harass, upset and coerce payment from Plaintiff.

### COUNT I
### **DEFENDANT VIOLATED §§1692d and 1692d(5) OF THE FDCPA**

24. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

25. Section 1692d(5) of the FDCPA prohibits debt collectors from causing the telephone to ring or engaging any person in telephone conversation repeatedly with intent to annoy, abuse or harass.

26. Defendant violated §§1692d and d(5) when it called Plaintiff

repeatedly and continued to call after she had requested the calls cease and caused Plaintiff's telephone to ring repeatedly.

## COUNT II
## **DEFENDANT VIOLATED § 392.302(4) OF THE TFDCPA**

36. A debt collector violates § 392.302(4) of the TFDCPA by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

37. Defendant violated § 392.302(4) of the Texas FDCPA by causing Plaintiff's cellular telephone to ring repeatedly or continuously with the intent of annoying and harassing the person at the called number, as it called Plaintiff multiple times per day or every other day despite numerous requests to stop calling.

## COUNT III
## **DEFENDANT VIOLATED §§1692c(a)(1)**

38. Section 1692c(a)(1) of the FDCPA prohibits debt collectors from without prior consent communicating with a consumer at any unusual time or place known or which should be known to be inconvenient to the consumer.

39. Defendant violated §1692c(a)(1) when it placed calls to Plaintiff during work hours after she told Defendant that their calls were inconvenient and to stop calling.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, TANDRA BELLAMY, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for each Plaintiff for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3) and Tex. Fin. Code § 392.403(b);

d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, TANDRA BELLAMY, demands a jury trial in this case.

DATED: December 16, 2016        KIMMEL & SILVERMAN, P.C.
                                By:  /s/Amy L. B. Ginsburg
                                Amy L. B. Ginsburg
                                Kimmel & Silverman, P.C.
                                30 E. Butler Pike
                                Ambler, PA 19002
                                Phone: (215) 540-8888
                                Fax: (877) 788-2864
                                Email: aginsburg@creditlaw.com